UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Adrianne Robinson, individually and on behalf of all others similarly situated;<br><br>                                        Plaintiff,<br><br><br><br><br><br>              -v.-<br>Convergent Outsourcing, Inc.<br><br>                                        Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Adrianne Robinson (hereinafter, "Plaintiff" or "Robinson"), a New Jersey resident, brings this Class Action Complaint by and through her attorneys, RC Law Group, PLLC, against Defendant Convergent Outsourcing, Inc. (hereinafter "Defendant" or "Convergent"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.   If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New Jersey consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New Jersey, County of Mercer, residing at 308 N Clinton Avenue, Ewing, NJ 08638.

8.    Convergent Outsourcing, Inc. is a "debt collector" as the phrase is defined in <u>15</u> <u>U.S.C. § 1692(a)(6)</u> and used in the FDCPA with an address at P.O. Box 9004, Renton, WA 98057.

9.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.    The Class consists of:

   a.    all individuals with addresses in the State of New Jersey;

   b.    to whom Convergent Outsourcing, Inc. sent a collection letter attempting to collect a consumer debt;

   c.    that deceptively states information regarding the requirements for reporting a discharge of indebtedness;

   d.    specifically when the $600 threshold is not applicable at for the debt;

   e.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692g.

17.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.    **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 § l692e and §1692g.

c. **<u>Typicality:</u>** The Plaintiff' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### FACTUAL ALLEGATIONS

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Some time prior to January 13, 2017, an obligation was allegedly incurred to Comenity Capital Bank.

23.    The Comenity Capital Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.    The alleged Comenity Capital Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.    Comenity Capital Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.    Comenity Capital Bank or a subsequent owner of the Comenity Capital Bank debt contracted the Defendant Convergent Outsourcing, Inc. to collect the alleged debt.

27.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I – January 13, 2017 Collection Letter*

28.     On or about January 13, 2017, Defendant sent the Plaintiff a collection letter (the "Collection Letter") regarding the alleged debt owed to Comenity Capital Bank See Exhibit A.

29.     The letter was an attempt to collect an outstanding "Total Balance: $635.82".

30.     The letter contains the heading "Settlement Offer".

31.     The second paragraph of the Collection Letter offers Plaintiff the opportunity "to settle your account for 45% of your total balance due to settle your past balance."

32.     The third paragraph of the collection letter states: "Notice: The Internal Revenue Service may require financial institutions to file Form 1099-C (Cancellation of Debt) to report the discharge of indebtedness of $600.00 or more."

33.     This statement is both false and deceptive as there are many factors which make up the requirement to file a 1099C.  (See <u>Good v. Nationwide Credit, Inc</u>., finding that the statement "American express is required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more. Please consult your tax advisor concerning any tax questions," is not true and does not accurately reflect the relevant law.)

34.     The statement contained in the third paragraph of the Collection Letter implies that every settlement has tax implications.

35.     The statement contained in the third paragraph of the Collection Letter misleads the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

36.     Specifically a settlement of this amount will never have IRS implications.

37.     The Collection Letter also fails to disclose that there is a distinction between principal and interest in regards to IRS requirements.

38.     The Collection Letter fails to disclose what portion of the "Total Balance: $635.82" is the alleged underlying debt, and what portion is additional fees and/or interest.

39.     The Collection Letter gives consumers false and deceptive tax information.

40.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.


## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

   a.  Defendant violated §1692e (10) by making a false and misleading representations regarding the requirements for reporting a discharge of indebtedness.

44.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Adrianne Robinson, individually and on behalf of all others similarly situated demands judgment from Defendant Convergent Outsourcing, Inc., as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
        October 26, 2017

                              _____/s/ Yaakov Saks_____
                              By:  Yaakov Saks

                              **RC Law Group, PLLC**
                              285 Passaic Street
                              Hackensack, NJ 07601
                              Phone: (201) 282-6500
                              Fax: (201) 282-6501
                              *Attorneys For Plaintiff*